**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6300**

_____

RICHARD E. KARTMAN,

     Plaintiff – Appellant,

   v.

SHANNON MARKLE; OFFICER STANCOTI; OFFICER SKIDMORE,

     Defendants – Appellees,

   and

OFFICER LONG; JOHN DOE MEDICAL EMPLOYEE,

     Defendants.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:10-cv-00106-FPS-JES)

_____

Submitted: August 14, 2014      Decided: August 22, 2014

_____

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Richard E. Kartman, Appellant Pro Se. Thomas E. Buck, BAILEY & WYANT, PLLC, Wheeling, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard E. Kartman appeals from the district court's orders granting summary judgment to Defendants and denying Kartman's motion for reconsideration in Kartman's 42 U.S.C. § 1983 (2012) proceeding. On appeal, Kartman pursues his claims against Officer Skidmore, Officer Stancoti, and Shannon Markle, contending that these Defendants were deliberately indifferent to a threat to his physical safety by other inmates. As a result, Kartman avers that he was assaulted twice (on October 2 & November 5, 2008). He further claims that Officer Stancoti failed to appropriately intervene on both occasions.

The district court granted summary judgment to Skidmore and Stancoti, finding that they were entitled to qualified immunity as Kartman failed to allege that they were aware of a substantial risk of harm and disregarded it. The court also ruled that Stancoti responded appropriately to both assaults. Subsequently, the district court granted summary judgment to Markle, ruling that, even assuming that Kartman sent Markle grievances and letters as he alleged, there was no evidence that Markle ever received them. As such, he was not aware of a substantial risk of harm to Kartman and was, accordingly, entitled to qualified immunity

"This [c]ourt reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court" and viewing the evidence in the light most favorable to the nonmoving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). The district court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). To obtain relief under § 1983 on a claim for failure to protect from violence, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure, De'Lonta v.

4

Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted); and (2) that the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834 (internal quotation marks omitted). A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows of and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837).

It is not enough to prove that the official should have known of the risk; instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A showing of negligence on the part of prison officials does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). As the Supreme Court explained, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.

5

Aside from general allegations that all the prison officials should have been aware of the threat against him based on his numerous statements to other prison officials, Kartman did not aver that he informed Stancoti of a substantial risk of harm prior to the first altercation. Thus, the only allegations against Stancoti with regard to the first assault are that he watched from the tower while Kartman and another inmate engaged in a verbal altercation, observed the other inmate pacing outside Kartman's cell for twenty minutes, and then, when a physical attack ensued, failed to respond more quickly than he did. However, the fact that Stancoti watched a verbal altercation followed by prolonged pacing is far from sufficient to show that he knew that Kartman was in danger of substantial harm. Moreover, Stancoti's report states that he took appropriate action, and Kartman's contrary allegations are based on pure speculation. As there was no material issue of disputed fact, the district court correctly granted summary judgment to Stancoti with regard to the October incident.

Turning to the November altercation, Kartman alleges that Stancoti stood, smiled, and watched as Kartman was assaulted by two inmates, "knocked to the ground extremely hard," pummeled, kicked and punched. Stancoti stood watching "for what seemed like a long time." Subsequently, when Stancoti

was taking Kartman to medical, Stancoti stated that he wanted "to see how [Kartman] could fight." There is no affidavit, report, or testimony from Stancoti regarding the November incident.

The district court did not specifically address this claim. Instead, the district court noted that Stancoti did not know the other inmates were going to attack Kartman prior to either assault and Stancoti appropriately responded to the October fight. The court makes no mention of Stancoti's response to the second incident once it began. Because Kartman's verified complaint provides undisputed evidence that Stancoti watched Kartman being assaulted and unreasonably delayed breaking up the fight, summary judgment was improperly granted on this claim. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) (finding that "a corrections officer's failure to intervene in a beating can be the basis of liability . . . if the corrections officer had a reasonable opportunity to intervene and simply refused to do so"); Robinson v. Prunty, 249 F.3d 862, 867 (9th Cir. 2001) (holding no qualified immunity where guards failed to intervene while one inmate attacked another). Accordingly, we vacate this portion of the district court's orders and remand for further proceedings.

7

Kartman testified in his deposition that he repeatedly informed Markle, the Administrator of the Central Regional Jail, in grievances and letters delivered by varying methods, that he faced a substantial risk of harm from other inmates. Markle testified that he never received any of these grievances and, therefore, had no knowledge of Kartman's situation. The district court assumed that Kartman filed the grievances and letters as he claimed. However, the court concluded that there was no evidence that Markle actually received them or had any knowledge of Kartman's issues, based on Markle's testimony and the fact that Markle was not responsible for making prisoner's housing decisions and would not have been the person to respond to these grievances.

We conclude that material issues of fact exist preventing summary judgment on this claim. Markle testified that requests to be moved would be placed in his mailbox so long as they were addressed to him and would not be diverted to a supervisor or guard. While Markle stated that he would likely refer the request to a supervisor or the booking department, such a referral would require Markle to initially read and screen the request or grievance. Moreover, the record showed that grievances must be filed with the Administrator of the Jail; filing grievances with officers or supervisors would be

8

insufficient to exhaust. Finally, Kartman submitted a grievance response from the Director of Inmate Services, which could be interpreted as stating that Markle had received Kartman's grievances filed following the October assault.

Based on the foregoing, and contrary to the district court's ruling, we find that Kartman provided sufficient evidence to raise a material issue of fact as to whether he filed the disputed grievances and letters and, if so, whether Markle either received them or was willfully blind to their existence. See Bowen V. Manchester, 966 F.2d 13, 17 (1st Cir. 1992) (finding deliberate indifference could be shown by actual knowledge or willful blindness of serious risk). The district court ruled that a reasonable person in Markle's position in possession of the incident reports of the October fight, Kartman's November grievances, and Kartman's letter would have known of an excessive risk of harm to Kartman and would have taken action. Because it is unclear whether Markle was in possession of or was aware of these documents, we vacate the district court's order granting summary judgment and remand for further proceedings.

IV.

We have reviewed the record and the parties' arguments on appeal regarding the claims against Skidmore, and we find that the district court correctly determined that Skidmore was

9

entitled to qualified immunity. Accordingly, we affirm the portion of the district court's order granting summary judgment in favor of Skidmore for the reasons stated by the district court. <u>Kartman v. Markle</u>, No. 5:10-cv-00106-FPS-JES (N.D. W. Va. Mar. 3, 2012). The remainder of the district court's orders are vacated and remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;<br><u>VACATED AND REMANDED IN PART</u>